IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GREGORY JOSEPH NEIFERT,** | : | Civil No. 1:21-CV-1780 |
| **Plaintiff** | : | |
| v. | : | (Magistrate Judge Carlson) |
| **KILOLO KIJAKAZI**, **Acting Commissioner of Social Security** | : | |
| **Defendant** | : | |

## MEMORANDUM OPINION

### I.   Factual Background

This Social Security Appeal comes before us for on a motion to reconsider filed by the Commissioner. (Doc. 22). That motion to reconsider invites us to set aside our prior opinion remanding this case for further scrutiny of an unexplained, but inherent, contradiction in the ALJ's decision. Specifically, in this decision, the ALJ's RFC determination limited Mr. Neifert to a range of work at all exertional levels with some nonexertional limitations, stating that:

> After careful consideration of the entire record, the undersigned finds that through the date last insured, the claimant has the residual functional capacity to perform *a full range of work at all exertional levels* but with the following non-exertional limitations. The claimant: must avoid exposure to unprotected heights and dangerous moving machinery; is limited to work requiring no more than a reasoning level of two, but not performed at a production-rate pace; is limited to no more than occasional changes in the work setting; and is limited to no

1

> more than occasional interaction with supervisors, coworkers, and the public.

(Tr. 1570) (emphasis added). However, although the ALJ's RFC limited Neifert to work at *all* exertional levels in this RFC, following his discussion of the medical records and opinion evidence, the ALJ also stated:

> In sum, after considering the record as a whole, including the objective diagnostic tests and clinical findings on physical and mental examinations, the claimant's longitudinal treatment history, and his documented activities of daily living, the undersigned finds that, through the date last insured, *the claimant was capable of performing a range of sedentary unskilled work within the above parameters.*

(Tr. 1576-77) (emphasis added).

The ALJ's decision did not explain, or even acknowledge, this internal inconsistency. The inconsistency was then compounded by the fact that Mr. Neifert was an individual closely approaching advanced age at the time of his date last insured, and further, the jobs identified by the vocational expert and which the ALJ found Neifert could perform were all medium exertional level jobs. Mr. Neifert's advanced age, coupled with the inherent inconsistencies in the ALJ's decision, was a material factor in our evaluation of this case.

On this score, the Secretary has promulgated guidelines on disability determinations that account for a claimant's physical abilities, age, education, and vocational skills as well as other factors, such as their RFC. See 20 C.F.R., Part 404,

Subpart P, Appendix 2. These guidelines, which are commonly referred to as medical-vocational grids, recognize several immutable facts. As we age, our capacity to learn new things and undertake new tasks declines. Accordingly, the guidelines prescribe various grids, and persons who fall within the grids may be defined as disabled by application of these rules. This rule-making process relieves the Secretary of the need to rely on vocational experts by establishing, through rulemaking, the types and numbers of jobs that exist in the national economy where a claimant's qualifications correspond to the job requirements identified by a particular rule. Heckler v. Campbell, 461 U.S. 458, 461–62, 103 S.Ct. 1952, 76 L.Ed.2d 66 (1983). These regulations provide that the grids will direct a conclusion as to whether an individual is or is not disabled where the findings of fact made with respect to a particular individual's vocational factors and residual functional capacity coincide with all of the criteria of a particular rule. 20 C.F.R. pt. 404 Subpt. P Appx. 2, § 200(a).

    Under these Medical Vocational guidelines, if Neifert—a person who is closely approaching advanced age—was found to be able to only undertake sedentary work, the grids may have mandated a finding that he was disabled. See 20 C.F.R., Part 404, Subpart P, Appendix 2, § 201.12. Thus, resolution of the inconsistencies in the ALJ's decision—which stated that Neifert could either work

3

at all exertional levels or only at a sedentary level—was potentially outcome determinative here. If the ALJ found that Neifert could only perform sedentary work, the grids seemed to compel a determination that he was disabled. Recognizing this fact, and acknowledging that when apparent internal inconsistencies in an ALJ's residual functional capacity assessment have an outcome determinative impact under the Medical Vocational Guideline grids, we concluded in accordance with settled caselaw that a remand to clarify these inconsistencies was necessary. Compare Campbell v. Astrue, Civ. No. 09–5356, 2010 WL 4689521 (E.D. Pa. Nov.2, 2010), with Anderson v. Astrue, 825 F.Supp.2d 487, 496 (D. Del. 2011).

In its motion to reconsider, the Commissioner urges us to treat this unexplained inconsistency as a mere scrivener's error, and essentially edit the ALJ's decision to eliminate this internal contradiction in the decision. While we acknowledge the scrivener's error doctrine, which has some application to Social Security appeals, in our view we may only rely upon the concept of a scrivener's error to correct immaterial inconsistencies in an ALJ's decision. Thus, where—as here—the alleged scrivener's error by the ALJ is outcome determinative, we should decline to engage in some *ad hoc* editorial revisions of that decision. Instead, we should leave the task of reconciling these material inconsistencies to the ALJ.

Therefore, we will decline this invitation to edit the ALJ's decision ourselves and will deny this motion to reconsider.

## II.   Discussion

The legal standards that govern motions to reconsider are both clear, and clearly compelling. "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Typically such a motion should only be granted in three, narrowly defined circumstances, where there is either : "(1) [an] intervening change in controlling law, (2) availability of new evidence not previously available, or (3) need to correct a clear error of law or prevent manifest injustice". Dodge v. Susquehanna Univ., 796 F.Supp. 829, 830 (M.D. Pa. 1992 ). As the United States Court of Appeals for the Third Circuit has aptly observed:

> "The purpose of a motion for reconsideration ... is to correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Café, 176 F.3d at 677 (quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir.1985)). "Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Id. (citation omitted).

Howard Hess Dental Laboratories Inc. v. Dentsply Intern., Inc., 602 F.3d 237, 251 (3d Cir. 2010).

Thus, it is well settled that a mere disagreement with the court does not translate into the type of clear error of law which justifies reconsideration of a ruling. Dodge, 796 F.Supp. at 830. Furthermore, "[b]ecause federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Continental Casualty Co. v. Diversified Indus., Inc., 884 F.Supp. 937, 943 (E.D. Pa. 1995). Moreover, it is evident that a motion for reconsideration is not a tool to re-litigate and reargue issues which have already been considered and disposed of by the court. Dodge, 796 F.Supp. at 830. Rather, such a motion is appropriate only where the court has misunderstood a party or where there has been a significant change in law or facts since the court originally ruled on that issue. See Above the Belt, Inc. v. Mel Bohannon Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983).

In this case, the Commissioner asks us to revisit our decision to remand this case. Key to this argument is the Commissioner's contention that the ALJ's statement that Neifert "was capable of performing a range of *sedentary* unskilled work," was a mere scrivener's error which we may unilaterally edit from this decision. While we acknowledge that, in some instances, courts have reconciled apparent incongruities in an ALJ's decision by dismissing certain inconsistencies as mere scrivener's errors. However, as a general rule '[a] scrivener's error is a

6

transcription error or a typographical error." Armata v. Berryhill, No. 3:17-CV-30054-KAR, 2018 WL 4829180, at *11 (D. Mass. Oct. 4, 2018). Therefore, courts are reluctant to apply the scrivener's error doctrine when the apparent contradictions in an ALJ's decision have the potential to materially affect the disability finding. Thus, when the court "is uncertain as to whether [inconsistencies] are mere scrivener's errors as the Commissioner contends, or oversights that could have resulted in a different conclusion," a remand is appropriate. Raper v. Colvin, 262 F. Supp. 3d 415, 422 (N.D. Tex. 2017).

This principle applies with particular force to material inconsistencies in the ALJ's description of a claimant's residual functional capacity. When confronted with such material inconsistencies in an ALJ's RFC evaluation it has been held that "concluding that the RFC ultimately found by the ALJ in her written decision was simply a scrivener's error would require this Court to improperly speculate about the ALJ's intent." Amy A. v. Kijakazi, No. 1:20-CV-7655, 2021 WL 5864063, at *5 (D.N.J. Dec. 10, 2021). Thus, "[a]lthough the ALJ's omission may be a small one, to conclude that it was a mere scrivener's error 'would require this Court to improperly speculate about the ALJ's intent.' " Rutter v. Comm'r of Soc. Sec., No. 3:21-CV-01883-JGC, 2022 WL 4585897, at *13 (N.D. Ohio Sept. 2, 2022), report and recommendation adopted, No. 3:21-CV-01883, 2022 WL 4585808 (N.D. Ohio

7

Sept. 29, 2022) (quoting Pleger v. Kijakazi, No. CV 20-261E, 2022 WL 205728, at *2 (W.D. Pa. Jan. 24, 2022)). This we are not permitted to do.

In the instant case, while we appreciate the Commissioner's argument that the unexplained contradictions in the ALJ's RFC findings can be reconciled by merely dismissing the ALJ's statement that Neifert "was capable of performing a range of *sedentary* unskilled work," as a scrivener's error, that sort of editorial action on our part would change the outcome of this case. Summarily dismissing this statement by the ALJ as a scrivener's error is outcome determinative in this case since under the Medical Vocational guidelines, if Neifert—a person who is closely approaching advanced age—was found to be able to only undertake sedentary work, the grids may have mandated a finding that he was disabled. See 20 C.F.R., Part 404, Subpart P, Appendix 2, § 201.12. We are reluctant to speculate upon the ALJ's actual intent on a matter of critical importance in this case where the ALJ's decision contains this unresolved and irreconcilable inconsistency. Therefore, we will decline to characterize this potentially material matter as a simple scrivener's error.

Yet, while we are denying this motion to reconsider, we emphasize that nothing in this Memorandum Opinion should be deemed as expressing a judgment on what the ultimate outcome of any reassessment of this evidence should be. Rather, the task should remain the duty and province of the ALJ on remand.

### III. <u>Conclusion</u>

Accordingly, for the foregoing reasons, IT IS ORDERED that the Commissioner's motion to reconsider is DENIED.

An appropriate order follows.

*/s/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GREGORY JOSEPH NEIFERT,** | : | Civil No.  1:21-CV-1780 |
| **Plaintiff** | : | |
| v. | : | (Magistrate Judge Carlson) |
| **KILOLO KIJAKAZI**, **Acting Commissioner of Social Security** | : | |
| **Defendant** | : | |

## ORDER

AND NOW this 13th day of December, in accordance with the accompanying Memorandum Opinion, IT IS ORDERED that the Commissioner's motion to reconsider is DENIED.

*/s/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge
